Ms. Paula G. Pumphrey, Director Department of Community Punishment 1400 Tower Building, 323 Center Street Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on the following question:
 In light of A.C.A. § 5-4-404, which provides that jail credit shall be given when a sentence to imprisonment is imposed, and A.C.A. § 5-4-304, which provides that confinement as a condition of suspension or probation shall not be deemed a sentence to a term of imprisonment, may a court award a defendant who is to serve a period of confinement as a condition of suspension or probation with credit for time spent in custody prior to the beginning of the probationary period?
It is my opinion that the answer to this question is "yes," a court "may" award credit for time served prior to the probationary period. A court, however, is not required to do so.
As you have noted, the relevant statutes are A.C.A. §§ 5-4-304 and 5-4-404
(Repl. 1993). The former provides in pertinent part as follows:
 (a) If the court suspends the imposition of sentence on a defendant or places him on probation, it may require, as an additional condition of its order, that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detentional, correctional or rehabilitative facility,[1] at whatever time or consecutive or nonconsecutive intervals within the period of suspension or probation as the court shall direct.
 (b) An order that the defendant serve a period of confinement as a condition of suspension or probation shall not be deemed a sentence to a term of imprisonment and the court need not enter a judgment of conviction before imposing such a condition.
 (c) The period actually spent in confinement pursuant to this section shall not exceed one hundred twenty (120) days in the case of a felony or thirty(30) days in the case of a misdemeanor. . . . [Emphasis added.]
The second statute, A.C.A. § 5-4-404, provides that: [i]f a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence." The award of such credit for time served is mandatory where the conduct results in a "sentence to imprisonment." Your question is whether a court "may" award such credit, where the conduct does not result in a sentence to imprisonment, e.g., under A.C.A. § 5-4-304, which authorizes what has commonly been referred to as "shock incarceration." This type of incarceration is not deemed a "sentence to a term of imprisonment" under A.C.A. § 5-4-304.
It is my opinion that a court "may" award credit for time served prior to the court's order under A.C.A. § 5-4-304. The number of days of "shock incarceration" is, as a practical matter, within the discretion of the judge, (with an upper limit of one hundred and twenty days) who, if he or she deems it appropriate, may simply reduce the number of days which would otherwise be ordered by the number already served. Although this may not be a formal recognition of "time served," as a practical matter the judge does have the ability to give credit for time served.
The judge, however, is not as a legal matter required to give credit for time served in this instance. Because such "shock incarceration" does not impose a sentence of imprisonment, A.C.A. § 5-4-404 does not mandate credit for time served.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] In your request, the emphasized language is quoted merely as stating "or other facility." The emphasized language above, which is the actual language appearing in the statute, does not, in my opinion, contemplate the confinement of individuals subjected to incarceration under A.C.A. § 5-4-304 in the Department of Correction. It states that such incarceration shall be in the "county jail, city jail, or other local detentional, correctional, or rehabilitative facility. . . ." In my opinion the adjective "local" in this sentence modifies each of the detentional, correctional, or rehabilitative facilities mentioned. In my opinion, therefore, this statute does not stand as authority for confining those persons subjected to incarceration pursuant to A.C.A. § 5-4-304 in the Department of Corrections.